UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | CRIMINAL NO. H-06-0363 |
| KENNETH ANDERSON, JR. § | |
| and § | |
| DAVID RAY KING, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant David Ray King's Motion to Dismiss Count One of the Indictment. After considering the parties' filings and the relevant law, the Court finds that the motion, Docket No. 22, should be **GRANTED.**

## I. BACKGROUND

On October 4, 2006, a two-count indictment was filed against Defendant David Ray King.[1] King pled guilty to Count Two (unlawful possession of an unregistered firearm and aiding and abetting, in violation of 26 U.S.C. §§ 5861(d) and 5871, and 18 U.S.C. § 2) on February 16, 2007.[2] Defendant moves to dismiss Count One of the indictment, which alleges that Defendant, having been convicted of a misdemeanor crime of domestic violence, aided and abetted and knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2), and 2. Defendant argues that his prior conviction for assault of a family member does not constitute a crime of violence.

---

[1] King's co-Defendant, Kenneth Anderson, was indicted on three counts.
[2] King was sentenced as to Count Two on July 6, 2007.

1

## II. ANALYSIS

Under 18 U.S.C. § 922(g)(9), "[i]t shall be unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(9) (2006).  A misdemeanor crime of domestic violence is a misdemeanor under federal, state, or tribal law that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," committed on a current or former family member or domestic partner.  18 U.S.C. § 921(a)(33)(A).

On February 28, 2006, Defendant King was convicted of and sentenced to probation for assault on a family member, in Fayette County, Texas.  King was convicted under the Texas assault statute, which provides that "[a] person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse."  TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 2007).  Defendant argues that a violation of Section 22.01(a)(1) does not categorically constitute a crime of violence,[3] and therefore does not trigger 18 U.S.C. § 922(g)(9).

The Fifth Circuit has addressed on numerous occasions whether particular offenses, including violations of Texas Penal Code § 22.01(a)(1), count as crimes of violence.  The government points the Court to *United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003), in which the Fifth Circuit held that because Section 22.01(a)(1) requires proof

---

[3] The Court must use a categorical analysis, which looks only to the language of the relevant statute, not at Defendant's underlying conduct.  *E.g.*, *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005). Therefore, regardless of Defendant's actions giving rise to the 2006 conviction, the Court must determine whether all possible violations of the Texas assault statute would constitute crimes of violence, as defined by 18 U.S.C. § 921(a)(33)(A).

2

of bodily injury, it has as an element the use of force, and a conviction under the statute is a crime of violence triggering Section 922(g)(9). *Id.* at 561. Defendant counters that intervening *en banc* authority has effectively overruled *Shelton*, and that under *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), an assault conviction under Section 22.01(a)(1) no longer counts categorically as a crime of violence. The precise question before the Court, then, is whether *Shelton* is still good law, or whether it has been overruled by the Fifth Circuit sitting *en banc*. *See, e.g.*, *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) ("Absent an en banc, or intervening Supreme Court, decision, one panel of this court may not overrule a prior panel's decision."). Given the admittedly complicated state of the case law, the Court feels compelled briefly to review the relevant precedents.

### *Vargas-Duran I*

In January 2003, the Fifth Circuit examined whether a state court conviction for intoxication assault qualified as a "crime of violence" for the purpose of a sentence enhancement under Section 2L1.2(b)(1)(A)(ii) of the 2001 United States Sentencing Guidelines. *United States v. Vargas-Duran*, 319 F.3d 194 (5th Cir. 2003) (*Vargas-Duran I*). Under the 2001 version of Section 2L1.2, an offense counted as a "crime of violence" if it had "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 196. The Texas intoxication assault statute then in effect provided that a defendant was guilty of a third degree felony if he or she "by accident or mistake, while operating an aircraft, watercraft, or motor vehicle in a public place while intoxicated, by reason of that intoxication cause[d] serious bodily injury to another." *Id.* at 196 n.3. The Fifth Circuit held that 1) because the intoxication assault statute requires

3

proof of serious bodily injury, it has as an element the use of force; and 2) Section 2L1.2 does not incorporate an intentionality or state of mind requirement in order for an offense to constitute a crime of violence.  *Id.* at 196, 199.

### *United States v. Shelton*

Two months later, the Fifth Circuit addressed precisely the same circumstances presented by the instant case: a challenge to a conviction under 18 U.S.C. § 922(g)(9), on the basis that an assault conviction under Section 22.01(a)(1) of the Texas Penal Code did not qualify as a crime of violence.  Citing the reasoning of *Vargas-Duran I*, the *Shelton* Court held that because Section 22.01(a)(1) "requires bodily injury it includes as an element the use of physical force."  *Shelton*, 325 F.3d at 561.  The Fifth Circuit acknowledged that "*Vargas-Duran* is not on all fours with Shelton's case . . . [but] the discussion certainly informs the instant question."  *Id.* at 558.

### *Vargas-Duran II*

In 2004, the Fifth Circuit, sitting *en banc*, reexamined *Vargas-Duran I*.  *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (*Vargas-Duran II*).  The Court disagreed with the original panel holding regarding intentionality, concluding that a predicate offense triggering a sentence enhancement under Section 2L1.2 of the Guidelines "requires that a defendant intentionally avail himself of that force."  *Id.* at 602.  Because the Texas intoxication assault statute applied explicitly to conduct that occurred "by accident or mistake," the intentional use of force was "simply not an element" of the statute, and an intoxication assault conviction could not categorically qualify as a crime of violence.  *Id.* at 605.

4

The Court also opined, however, that "the fact that the statute requires that serious bodily injury result from the operation of a motor vehicle by an intoxicated person does not mean that the statute requires that the defendant have used the force that caused the injury. All that the statute requires is that a bodily injury occur and that the injury was causally linked to the conduct of the defendant. . . . There is [] a difference between a defendant's causation of an injury and the defendant's use of force. Consequently, Vargas-Duran's use of force was simply not a fact necessary to support his conviction for intoxication assault." *Id.* at 606. In other words, even apart from the intentionality issue, there could conceivably be ways of violating the intoxication assault statute (and causing serious bodily injury) without using force, since the statute explicitly requires only proof of injury, not proof of force. For that reason, the Court found that intentional use of force was not an element of the statute.

Section 22.01(a)(1) of the Texas assault statute similarly requires only that a defendant "intentionally, knowingly, or recklessly cause[] bodily injury to another," and does not specify that force is actually used. Therefore, the holding of *Vargas-Duran II*, which distinguishes causation of injury from use of force, seems to be at odds with *Shelton*, which reasons that the requirement to show injury under Section 22.01(a)(1) necessarily signifies that force was used. Furthermore, the *Vargas-Duran II* panel approvingly cited a Second Circuit case finding that "just as risk of injury does not necessarily involve the risk of the use of force, the intentional causation of injury does not necessarily involve the use of force." *Chrzanoski v. Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003); *see also Vargas Duran II*, 356 F.3d at 605 n.10. *Vargas-Duran II* nowhere

5

cites or even mentions *Shelton*, however, leaving ambiguous the issue of whether or not it actually overruled that case.

### *United States v. Villegas-Hernandez*

A recent Fifth Circuit opinion, on which Defendant urges the Court to rely, clearly views *Shelton* as questionable at best in light of *Vargas-Duran II*. *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006). In *Villegas-Hernandez*, the Fifth Circuit again asked whether a conviction for assault under Section 22.01(a)(1) qualifies as a crime of violence, in that case for the purpose of a sentence enhancement under 2L1.2(b)(1)(C) of the Sentencing Guidelines. According to the *Villegas-Hernandez* Court, a crime of violence under Section 2L1.2 must involve force that is not only *intentional*, but also "destructive or violent." *Id.* at 879. In examining the language of Section 22.01(a)(1), however, the Court found that "[t]he bodily injury required by Section 22.01(a)(1) . . . could result from any of a number of acts, without use of 'destructive or violent force' . . . Thus, use of force is not an element of assault under Section 22.01(a)(1), and the assault offense does not fit [the relevant] definition for crime of violence." *Id.* For example, a defendant could violate the assault statute without force by "making available to the victim a poisoned drink while reassuring him the drink is safe, or telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim." *Id.* These acts, the *Villegas-Hernandez* panel reasoned, would violate the assault statute, but would not involve force. Therefore, a conviction under Section 22.01(a)(1) cannot categorically be qualified as a "crime of violence."

6

The panel recognized that its holding directly conflicts with *Shelton*. *Id.* at 880. In examining earlier case law, the panel noted *Vargas-Duran II* and its citation of *Chrzanoski*, and wrote that "[b]ecause the en banc opinion in *Vargas-Duran* comes after *Shelton*, which is itself a panel opinion, and because of *Shelton*'s heavy reliance on the panel opinion in *Vargas-Duran* which was later reversed en banc, we feel compelled to decide [the instant case] on the basis of the principles set down in *Vargas-Duran* and *Calderon-Pena* rather than in reliance on *Shelton*. On this basis we conclude that although Section 22.01(a)(1) requires that the defendant 'intentionally, knowingly, or recklessly cause[s] bodily injury to another,' that section may be violated by the defendant so causing such injury by means *other than* the actual, attempted, or threatened 'use of physical force against the person of another,' and hence does not have such use of force as an element . . .". *Id.* at 882. Therefore, although *Vargas-Duran II* did not explicitly overrule *Shelton*, and without saying outright that it had, the *Villegas-Hernandez* panel treated *Shelton* for all intents and purposes as overruled.

The government argues essentially that the analysis of the *Villegas-Hernandez* panel was incorrect, and that *Vargas-Duran II* left *Shelton* intact. In the face of two conflicting holdings (*Villegas-Hernandez* and *Shelton*), then, this Court would be obliged to follow the older opinion. *Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991). In the Court's view, however, the teachings of the *en banc* opinion in *Vargas-Duran II* contradict the teachings of *Shelton* to such an extent that *Shelton* is no longer good law.

It is true that the principal holding of *Vargas-Duran II* (regarding the intentionality requirement) is inapplicable to the assault statute examined in *Shelton*,

7

*Villegas-Hernandez*, and the instant case.  The Court finds it impossible, however, to disregard the language in *Vargas-Duran II* on the question of whether causation of a bodily injury necessarily signifies the use of force, which is squarely at issue in examining the Texas assault statute.  In *Vargas-Duran II*, the Fifth Circuit sitting *en banc* found that because there is a difference between a defendant's causation of an injury and the defendant's use of force, "Vargas-Duran's use of force was simply not a fact necessary to support his conviction for intoxication assault."  *Vargas-Duran II*, 356 F.3d at 606.  This conclusion appears from all angles to be a holding, not merely dicta, and the Court must recognize its applicability to the assault statute, which similarly requires only causation of "bodily injury," rather than proof that force was actually used.  Regardless of whether the *Vargas-Duran II* Court explicitly mentioned *Shelton*, it eviscerated *Shelton*'s central holding.  For this reason, and until the Fifth Circuit provides clearer guidance on the issue, the Court believes that the most correct course is to treat *Shelton* as overruled.

Therefore, the Court follows *Vargas-Duran II* and *Villegas-Hernandez* in finding that Defendant's conviction for assault under Texas Penal Code § 22.01(a)(1) does not constitute a crime of violence.  Because there is no predicate offense, Count One of the indictment, alleging a violation of 18 U.S.C. § 922(g)(9), must be dismissed.

### III. CONCLUSION

Defendant's Motion to Dismiss Count One of the Indictment is hereby **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of July, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**